UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SELENE FINANCE L.P.,

        Plaintiff,

v.

SUTTER CREEK HOMEOWNERS ASSOCIATION, *et al.*,

        Defendants.

Case No. 2:17-cv-01621-MMD-CWH

ORDER

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Selene Finance LP's motion for summary judgment (ECF No. 48), and Defendant G2 Ventures, LLC's ("G2") cross-motion for summary judgment (ECF No. 49).[1] Because the Court agrees with Plaintiff that its predecessor-in-interest properly tendered the superpriority amount, the Court will grant Plaintiff's motion for summary judgment, and deny G2's cross-motion.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Chaundra Lampley ("Borrower") refinanced and obtained a loan in the amount of $198,940 ("Loan") on April 17, 2008 secured by a first deed of trust recorded on April 28, 2008 ("DOT") against a property located at 3254 Gold Run Street, North Las Vegas, Nevada ("Property") within the Sutter Creek Homeowners Association ("HOA"). (ECF No.

---

[1] The Court has reviewed the parties' responses (ECF Nos. 50, 51), and their replies (ECF Nos. 54, 55). Plaintiff also filed a motion for leave to file notice of supplemental authority. (ECF No. 58.) Magistrate Judge Carl W. Hoffman granted that motion. (ECF No. 59.) Therefore, the Court has also reviewed Plaintiff's notice of supplemental authority. (ECF No. 60.)

48 at 2.) The HOA recorded a notice of delinquent assessment lien against the Property on July 1, 2010. (*Id.*) The notice indicated that the amount due to the HOA was $840. (*Id.*) The HOA subsequently recorded a notice of default and election to sell on January 11, 2012—stating the amount due to the HOA was $2,465—but did not specify whether that amount included dues, interest, fees, and collection costs in addition to assessments. (*Id.*)

Bank of America, N.A. ("BANA"), as then-servicer of the loan and underlying DOT, requested a ledger from the HOA identifying the superpriority amount allegedly owed, and offered to pay the superpriority portion of the HOA lien. (*Id.* at 3.) The HOA's agent provided a full statement of account, and a copy of the HOA's ledger, on April 2, 2012. (*Id.*) The periodic assessments for the nine months preceding the recording of the notice of lien were $75 a month. (*Id.*) There were no nuisance or abatement charges assessed against Borrower's account. (*Id.* at 4.) BANA tendered $720 to the HOA's agent on April 12, 2012. (*Id.* at 3.) The HOA's agent refused BANA's tender. (*Id.*)

The HOA sold the Property to G2 at a foreclosure sale for $8,000 on January 18, 2013 (the "HOA Sale"). (*Id.* at 4.)

The DOT was assigned to Plaintiff on September 1, 2015. (ECF No. 48 at 2.)

Plaintiff filed its Complaint on June 9, 2017, asserting the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against G2. (ECF No. 1 at 6-14.)

**III.   LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is

///

"genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.  DISCUSSION**

Plaintiff and G2 make numerous arguments in their motions and responses that the Court need not consider because BANA's tender preserved the DOT. Accordingly, the Court only addresses the parties' argument about tender.

///

Plaintiff argues that it is entitled to summary judgment because BANA tendered the correct amount to satisfy the superpriority lien.[2] (ECF No. 48 at 5-9; ECF No. 48-1 at 83-85.) The Court agrees. G2 does not dispute that BANA tendered the correct superpriority amount, which did not include attorneys' fees and related costs. (ECF No. 49 at 9-23, at 50 at 10-18.) Instead, G2 raises arguments relating to tender that were rejected by the Nevada Supreme Court in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018). Accordingly, the Court will grant summary judgment in Plaintiff's favor on its first claim.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 48) is granted. The Court finds that the HOA Sale did not extinguish Plaintiff's interest in the Property, and the DOT continues to encumber the Property.

It is further ordered that G2's motion for summary judgment (ECF No. 49) is denied.

It is further ordered that the Clerk of the Court enter judgment in Plaintiff's favor on Plaintiff's first claim for relief (ECF No. 1 at 6-11)—quiet title/declaratory judgment against all Defendants.

It is further ordered that Plaintiff must file a status report within ten days indicating whether it intends to pursue its remaining claims.

DATED THIS 5th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also supplements its argument about tender in its notice of supplemental authorities. (ECF No. 60.)

4